# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| EDWIN MENDOZA OSORTO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 6:26-CV-03161-BCW |
| | ) | |
| TODD LYONS, | ) | |
| in his official capacity as Field Office | ) | |
| Director of the Immigration and Customs | ) | |
| Enforcement and Removal Operations | ) | |
| Kansas City Field Office, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner's Petition for Writ of Habeas Corpus by a Person in [Immigration and Customs Enforcement] Custody. (Doc. #1). The Court, being duly advised of the premises, and in consideration of the Petition (Doc. #1), "Response of the Federal Government Respondents to Court's Order to Show Cause" (Doc. #5), and Petitioner's Traverse (Doc. #6), grants said Petition for Writ of Habeas Corpus as follows.

## BACKGROUND

On March 16, 2026, Petitioner Edwin Mendoza Osorto, through counsel, filed the instant petition for writ of habeas corpus in this Court, alleging five claims designated by Petitioner as follows: (I) "Request for Custody Review and Bond Determination in Violation of 8 U.S.C. § 1226(a)"; (II) "Due Process Violation (Fifth Amendment)"; (III) "Ancillary Equitable Relief"; (IV) "Irreparable Harm, Balance of Equities, and Public Interest"; and (V) "Violation of 8 C.F.R. § 1003.19." (Doc. #1).

Petitioner seeks a writ of habeas corpus for immediate release from custody, a stay of removal or relocation proceedings pending resolution of his petition, and attorneys' fees. Petitioner brings his claims against the following Respondents: (1) Todd Lyons, in his official capacity as Field Office Director of the Immigration and Customs Enforcement ("ICE") and Removal Operations Kansas City Field Office, who has legal custody of Petitioner; (2) Kristi Noem, in her official capacity as the Secretary of the U.S. Department of Homeland Security ("DHS"), who has legal custody of Petitioner; (3) Pam Bondi, in her official capacity as the Attorney General of the United States; and (4) Jim C. Arnott, in his official capacity as Sheriff of Greene County, Missouri, and who oversees the Greene County Jail where Petitioner is held. (Doc. #1).

Petitioner, A[lien Registration]-Number 205519711, is a native and citizen of Honduras who has continuously resided in the United States since at least 2013. He has a pending application for asylum and a valid employment authorization card issued by United States Citizenship and Immigration Services ("USCIS"). Petitioner owns a small diesel mechanic business in Indiana, where he is a husband and father of three children (including two U.S. citizen children).

Additionally, Petitioner's wife filed an I-130 petition for alien relative, which USCIS has approved. Further, the immigration court administratively closed his removal proceedings on or about January 8, 2021, and there is no final order of removal.

On February 14, 2026, local police in Indiana arrested Petitioner on suspicion of driving while intoxicated. He was released from local custody after posting bond but immediately transferred into ICE custody. ICE arrested him without an administrative or judicial warrant and without exigent circumstances. ICE subsequently transported him out of Indiana to the Greene County Jail in Springfield, Missouri, where he has remained detained.

On March 6, 2026, Petitioner filed a bond motion with the Kansas City Immigration Court. No hearing has been scheduled.

## LEGAL STANDARD

A person detained by the government may challenge the legality of the confinement through a petition for writ of habeas corpus, including an individual challenging detention relating to immigration proceedings. Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Zadvydas v. Davis, 533 U.S. 678, 687 (2003); 28 U.SC. § 2241. The petitioner "bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, he must satisfy his burden of proof by a preponderance of the evidence." Freeman v. Pullen, 658 F. Supp. 3d 53, 58 (D. Conn. 2023) (quoting McDonald v. Feeley, 535 F. Supp. 3d. 1238, 1235 (W.D.N.Y. 2021) (cleaned up)).

## ANALYSIS

Petitioner seeks habeas relief under 8 U.S.C. § 2241, or in the alternative injunctive relief, against his continued unlawful detention without a bond hearing, asserting five claims for relief. In Count I, Petitioner asserts Respondents' violation of 8 U.S.C. § 1226(a), which provides for a bond hearing based on Petitioner's discretionary detention. In Count II, Petitioner asserts violation of his procedural and substantive due process rights under the Fifth Amendment. In Count III and IV, Petitioner seeks equitable relief, including injunctive relief against Respondents' relocation to another jurisdiction. Finally, in Count V, Petitioner asserts Respondents violated of 8 C.F.R. § 1003.19(c)(1), (c)(2), and (d).

In opposition, Respondents contend Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) and is not entitled to a bond hearing. However, Respondents acknowledge this

Court has held in numerous other cases arising under similar or near similar facts that § 1226 controls.

As held in previous Orders of this Court, Respondents' arguments are unavailing. Petitioner is discretionally detained under § 1226(a). This determination is consistent with previous Orders of this Court and the majority view among district courts in the Eighth Circuit to consider the issue.[1] Escoto v. Arnott, No. 6:25-CV-03364-BCW, Doc. #6 (Dec. 17, 2025); Hernandez-Cueva v. Olson, No. 4:25-cv-00830-BP, Doc. #10 (W.D. Mo., Nov. 5, 2025); Mairena-Munguia v. Arnott, No. 6:25-3318-MDH, 2025 WL 3229132, at *2 (W.D. Mo. Nov. 19, 2025); Singh v. Bondi, No. 6:26-CV-03096-RK, 2026 WL 637418, at *2 (W.D. Mo. Mar. 3, 2026) (collecting cases).

Second, because Petitioner is being discretionally detained under § 1226(a), he has a right to a bond hearing. Rodriguez Torres v. Lyons, No. 6:26-CV-00138-BCW, Doc. #9 (W.D. Mo. Feb. 27, 2026); Singh, 2026 WL 637418, at *2.

Because the habeas petition is resolved under Count I, the Court need not address the remaining bases for relief. Accordingly, it is

ORDERED Petitioner's Petition for Writ of Habeas Corpus – Person in ICE Custody (Doc. #1) is GRANTED. Respondents are ORDERED to either release Petitioner or grant him a bond hearing **within seven (7) days of the date of this Order**. It is further

ORDERED Petitioner shall not be transferred outside of this District prior to compliance with this Order. It is further

ORDERED Petitioner's request for attorneys' fees is GRANTED. **Within 10 days of the date of this Order**, counsel shall file a separate and independent motion for attorneys' fees,

---

[1] The Eighth Circuit has not yet decided this issue but heard oral arguments on February 19, 2026 in Avila v. Bondi, No. 25-3248, which raised the legal question of the statute applicable to Petitioner's detention.

accompanied by detailed billing records supporting a reasonable fee request for time reasonably expended in preparation of the habeas corpus petition.

IT IS SO ORDERED.


Date: <u>March 24, 2026</u>                                            <u> /s/ Brian C. Wimes            </u>
                                                                        BRIAN C. WIMES, CHIEF JUDGE
                                                                        UNITED STATES DISTRICT COURT